**1202**

Anthony R.
MARTIN–TRIGONA, Plaintiff,

v.

William F. SMITH, Attorney General of
the United States, Defendant.

Civ. A. No. 83–2901.

United States District Court,
District of Columbia.

Sept. 18, 1984.

Martin-Trigona plaintiff, pro se.

Nathan Dodell, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This matter is before the Court on defendant's motion to dismiss, plaintiff's opposition thereto, defendant's reply to plaintiff's opposition; plaintiff's motion for writ of *habeas corpus ad testificandum;* motion to order petitioner to be released on bail *pendente lite* and, if necessary, pending appeal; motion for leave to proceed *in forma pauperis;* oppositions thereto; plaintiff's amended petition for writ of *habeas corpus,* and the entire record herein. The parties also have submitted extensive additional briefing on all of the above motions. For the reasons outlined below, the Court grants defendant's motion to dismiss and denies plaintiff's motion for writ of *habeas corpus ad testificandum* and motion for order to be released on bail. Because of the disposition of this case, the Court does not address plaintiff's motion to proceed *in forma pauperis.*

### I.

The Court adopts the following facts as outlined by the United States Court of Appeals for the Second Circuit ("Second Circuit") in *In re Martin-Trigona,* 732 F.2d 170 (2d Cir.1984):

> [Mr. Martin-Trigona] is a debtor whose personal bankrupt estate presently is be-

fore Judge Cabranes [of the United States District Court for the District of Connecticut].

\* \* \* \* \* \*

On June 23, 1983, shortly after Judge Cabranes transferred to the district court all matters concerning [Mr. Martin-Trigona's] estate in bankruptcy pending before the United States Bankruptcy Court for the District of Connecticut, counsel for the trustee sought to question [plaintiff] pursuant to Bkrtcy R. 205. [Mr. Martin-Trigona] refused to answer several questions, claiming his Fifth Amendment privilege against self-incrimination. The examination was continued until July 1, 1983. On that date, [plaintiff's] prior counsel, M. Hatcher Norris, invited opposing counsel to apply for a grant of immunity and strongly implied that appellant would testify if immunity were forthcoming.

The United States Attorney subsequently applied for immunity under 18 U.S.C. § 6003, stating that [Mr. Martin-Trigona's] testimony was "necessary to the public interest." On November 3, 1983 Judge Cabranes granted the application for immunity. Examination of [plaintiff] was continued until January 3, 1984. [Mr. Martin-Trigona] again refused to testify at the hearing held on January 3 on the basis of the privilege of self-incrimination. Judge Cabranes ordered appellant to answer the questions put to him by [the trustee's counsel]. [Mr. Martin-Trigona] refused. As a result Judge Cabranes held [plaintiff] in civil contempt and ordered him incarcerated until he was prepared to testify in full.

*Id.* at 171. That order was affirmed on appeal by the Second Circuit. *Id.* at 176. Plaintiff presently is incarcerated at the Federal Correctional Institution ("FCI") in Danbury, Connecticut.

## II.

On September 30, 1983, plaintiff filed this present action in the form of a petition for writ of mandamus against defendant William F. Smith, Attorney General of the United States. Plaintiff seeks to have this Court issue a writ of mandamus directed to the Attorney General, barring any action on an immunity request pursuant to 18 U.S.C. § 6003, or if such immunity has been approved, "declaring said immunity null and void ab initio and mandating that said grant be rendered nugatory." Petition for Writ of Mandamus at 7. Plaintiff asserts as a basis for this action that the Attorney General lacks the authority to grant immunity in a civil matter where no officer of the Federal Government seeks the information. He further states that there has been "no showing of a public purpose." On November 29, 1983, defendant filed a motion to dismiss.

Before addressing the merits of this action and defendant's motion to dismiss, the Court will address some of plaintiff's other motions.

### A.

On March 21, 1984, this Court issued an order requiring plaintiff to respond to defendant's motion to dismiss by March 30, 1984. It further ordered that oral argument on the motion would be held on April 6, 1984. This order was issued by the Court without its knowledge of plaintiff's incarceration. A hearing was initially ordered merely out of an abundance of caution by this Court and with the belief that the parties might easily be able to address these issues in court without undue burden. On April 4, 1984, the Court granted plaintiff an additional extension of time and ordered that he respond to the motion to dismiss no later than May 11, 1984. Another date for the hearing was set for May 18, 1984.

In apparent response to the Court's order setting forth the date of argument, plaintiff filed a number of motions. On May 18, 1984, Mr. Martin-Trigona filed a petition for writ of *habeas corpus ad testificandum.* The basis for that motion was that he

"is in federal custody at FCI Danbury. A hearing is set before this court for May 18, 1984. Unless this Court issues a

writ of habeas corpus ad testificandum commanding the U.S. Marshal to produce the petitioner in court, the court will be precluded from conducting a fair hearing in that the petitioner will be excluded from the courtroom and no one will be present to present petitioner's cause or to argue in opposition to the U.S. Attorney's position."

Petition for Writ of Habeas Corpus Ad Testificandum. The initial response, by this Court, was to postpone the scheduled hearing indefinitely.

Mr. Martin-Trigona also filed a motion to order petitioner released on bail *pendente lite,* and if necessary, pending appeal. Mr. Martin-Trigona stated that the basis for this motion was that he must be present to argue his case.

■ The Court will decline to either release Mr. Martin-Trigona on bail or have him brought to this jurisdiction to argue before this Court at this time. The matters that are at issue before the Court involve purely questions of law. As plaintiff has noted, "there do not appear to be any disputed facts." *See* Memorandum in Support of the Motion to Dismiss [sic] and In Support of Petitioner's Amended Petition for Writ of Habeas Corpus at 1. Mr. Martin-Trigona has had every opportunity to present his arguments in opposition to defendant's motion to dismiss. To require that plaintiff be present, at the Government's expense, to argue matters that involve purely legal questions, would place an undue burden on the Government. The Court in its discretion may decline to hold a hearing. *See* Local Rule 1–9(f). Further, to release Mr. Martin-Trigona on bail when he is being held under the authority of an order of a coordinate federal court upheld by a court of appeals, cannot serve the ends of justice. This Court will not interfere with the process that is taking place in the Second Circuit. For these reasons, the Court denies both plaintiff's motion for writ of *habeas corpus ad testificandum* and motion to order petitioner to be released on bail *pendente lite.*

### B.

■ On May 18, 1984, plaintiff also filed an "Amended Petition," seeking a release from custody on application for writ of *habeas corpus.* It is plain that venue for a *habeas corpus* petition lies where petitioner's custodian may be found. *E.g., Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973); *see also Starnes v. McGuire,* 512 F.2d 918, 932 (D.C.Cir.1974) ("there is no reason ... for the Court to deviate from the traditional rule that the residence of the custodian (and thus the place of confinement) is the correct forum"). Although Mr. Martin-Trigona asserts that he is a resident of Virginia and has business activity centered around the District of Columbia, those assertions are irrelevant for determining where venue lies. Accordingly, any *habeas corpus* petition brought by Mr. Martin-Trigona in this jurisdiction must be dismissed.

### C.

■ In addressing defendant's motion to dismiss, defendant claims that this action must be dismissed on the basis of *res judicata.* He states that the Second Circuit opinion in *In re Martin-Trigona,* 732 F.2d 170, is dispositive of this action. A careful review of that opinion confirms that plaintiff's claims have been litigated and that he is barred from pursuing them again under the doctrine of *res judicata.*

In the Court of Appeals decision, the Second Circuit expressly ruled on the validity of the grant of immunity. *Id.* at 171–176.[1] Since it is that grant of immunity

---

1. In opposition to this motion, plaintiff states that any discussion by the Second Circuit about the grant of immunity was *dicta,* that that court was asked solely to determine whether his incarceration was legal. Plaintiff's argument is without merit. The Second Circuit could not

have made a determination as to the legality of plaintiff's incarceration without finding that the grant of immunity was proper in civil proceedings. Plaintiff had the opportunity to address these questions on his appeal with appointed counsel before the Second Circuit; he, there-

that plaintiff challenges, he is bound by the decision under *res judicata* principles.

Plaintiff argues that this Court acquired jurisdiction over this matter before it was addressed in the Second Circuit. That argument is simply not true. The Connecticut District Court has had jurisdiction over Mr. Martin-Trigona's bankruptcy proceeding for a number of years. The question of immunity was raised in the context of that proceeding. Plaintiff cannot be permitted to file a suit in another jurisdiction in an effort to thwart the proceedings taking place in the Connecticut District Court.

Because plaintiff's claim is barred by *res judicata,* this action must be dismissed.

fore, is now barred from bringing these claims before this Court.