Anthony R.
MARTIN–TRIGONA, Plaintiff,

v.

ACTON CORPORATION, et
al., Defendants.

Civ. A. No. 81–3065.

United States District Court,
District of Columbia.

Dec. 13, 1984.

Martin-Trigona plaintiff, pro se.

John H. Tracy, Lynda Troutman O'Sullivan, Gadsby & Hannah, Washington, D.C., for defendants.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This matter is before the Court on defendants Acton Corporation ("Acton"), Acton Communications of Massachusetts ("ACM"), Acton Foodservices Corporation ("AFC"), and Gadsby & Hannah's ("G & H") motion to "Dismiss the Complaint as to them and for Sanctions Against Plaintiff," plaintiff's opposition thereto, and supplemental briefing on the motion; the Federal Communications Commission's ("FCC" or the "Commission") motion to dismiss, and the entire record herein. For the reasons outlined below, the Court grants defendants' motions and dismisses this action as to all parties.

## I.

Defendants Acton, ACM, AFC seek to dismiss this action because this Court lacks *in personam* jurisdiction over them. Defendants AFC and G & H assert that the action must be dismissed because the amended complaint adding them to the action was filed in violation of an order which permanently enjoined plaintiff from commencing an action without prior approval from the district court where the action is filed. Acton, ACM, AFC, and G & H request that this Court impose sanctions against plaintiff in the form of reasonable attorneys' fees and costs. Defendant FCC seeks to dismiss this matter as against it because the Court lacks subject matter jurisdiction over the FCC.

This action was brought by *pro se* plaintiff Anthony Martin-Trigona on December 16, 1981.[1] In his sixteen-page complaint, plaintiff asserts an array of confusing and complex claims that all seem to center around a dispute between plaintiff and defendants over the license for the radio station, WDLM, in Waltham, Massachusetts.[2] Plaintiff contests the loss of the radio station through involuntary bankruptcy proceedings. He asserts claims arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"), and the Hobbs Act, 18 U.S.C. § 1951. Plaintiff also asserts claims of obstruction of justice in contravention of 18 U.S.C. § 1503 and 18 U.S.C. § 1506, and claims violation of his civil rights pursuant to 42 U.S.C. § 1985(2).

In February 1982, this Court *sua sponte* dismissed this action before service of process was effected on any defendants. The principal basis for dismissal was that under the doctrine of *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), it would be inconvenient to determine matters relating to a Massachusetts

---

1. Although Mr. Martin-Trigona is proceeding *pro se* in this action, he "is no stranger to the courts. He has filed [at least] 22 separate appeals [in the United States Court of Appeals for the District of Columbia Circuit] since 1971 and undoubtedly has initiated additional actions in the district court." *Martin-Trigona v. Smith,* 712 F.2d 1421, 1423 n. 1 (D.C.Cir.1983).

2. Plaintiff's complaint, as well as the amended complaint, do not conform to the requirements or tenets of Rule 8 of the Federal Rules of Civil Procedure which requires that "[a] pleading which sets forth a claim for relief, ... shall contain ... a short and plain statement of the grounds upon which the court's jurisdiction depends ... [and] a short plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a). Further, "[e]ach averment of a pleading shall be simple, concise or direct." Fed.R.Civ.P. 8(e).

radio station; further, jurisdiction was first exercised by a federal district court in Massachusetts; and finally, dismissal of this action would avoid piecemeal litigation. *See Martin-Trigona v. Acton Corp.,* No. 81–3065, slip op. at 2 (D.D.C. Feb. 26, 1982). Mr. Martin-Trigona appealed that decision, and on June 30, 1983, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") vacated and remanded this Court's decision with instructions to determine whether there was any basis for the claims asserted and, if so, to determine whether these claims could be raised in the concurrent bankruptcy proceeding.

After the mandate from the D.C. Circuit was issued, plaintiff, on October 31, 1983, filed an amended complaint, adding AFC, G & H, and the Federal Deposit Insurance Corporation ("F.D.I.C.")[3] to this action. This amended complaint seems to allege that the additional defendants conducted a scheme to defraud plaintiff of certain assets, including the radio station, WDLM.

On April 16, 1984, defendants Acton, ACM, AFC, and G & H filed a joint motion to dismiss. Plaintiff failed to respond to this motion in a timely fashion so on May 9, 1984, defendants submitted a memorandum suggesting that their motion to dismiss be granted. On May 18, 1984, plaintiff filed a "Notice of Temporary Inability to Respond to Motion to Dismiss" and "Motion for Extension of Time Pending Plaintiff's Release from Custody for Civil Contempt." In the Notice, plaintiff requested that the Court withhold decision on this matter until he is released from custody for civil contempt.

The Court, in an order signed June 21, 1984, denied Mr. Martin-Trigona's request for an indefinite continuance and instructed him to respond to defendants' motion within 30 days from the date of the order. The Court also ordered that failure to submit a response to defendants' motion within that time period, "shall permit this Court to treat the motion as conceded pursuant to

Rule 1–9(d) of the Local Rules of this Court."

On July 17, 1984, plaintiff wrote a letter to Chambers, stating that he would be unable to comply with the Court's order. That letter was immediately returned to the plaintiff and he was informed that "any correspondence to the Court must be done through formal motion filed with the Clerk of the Court with proper service to counsel opposite." Letter from Chambers (July 20, 1984). No motion for an extension of time was received by this Court.

On July 31, 1984, plaintiff filed a motion "For Leave to File Instanter." The Court granted plaintiff's motion and accepted his opposition to the motion to dismiss for filing. Replies and supplemental responses to defendants' motion have been filed by the parties.

On October 23, 1984, this Court notified the parties that it would consider, *sua sponte,* the question of whether this case should be transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). The Court ordered briefing on that issue to be submitted by November 15, 1984. It further ordered that the briefing period would not be extended. Defendants Acton, AFC, ACM, and G & H have submitted the requested briefing. The FCC has also submitted briefing. These defendants do not support a transfer of this action and contend that the action should be dismissed. Mr. Martin-Trigona has failed to respond to this request for briefing, but the Court is aware that he opposes a similar proposal to transfer that was suggested by this Court in *Martin-Trigona v. Shiff,* No. 82–425. Because the parties do not support a transfer of this action pursuant to 28 U.S.C. § 1404, the Court will not effect such a transfer.

On November 15, 1984, defendant FCC filed a motion to dismiss, arguing that this Court does not have jurisdiction over the Commission for judicial supervision. Plaintiff has failed to respond to this motion.

---

**3.** There is no indication in the Court jacket whether the F.D.I.C. was ever served by plaintiff. F.D.I.C. has not submitted any briefing in this case.

During the course of this litigation, the Court has indulged Mr. Martin-Trigona and has freely permitted him to file oppositions to motions on an untimely basis without seeking leave to file late. Fourteen days have lapsed since an opposition or a motion for extension of time was due. The Court will no longer wait for Mr. Martin-Trigona's tardy responses to arrive and shall act on the motions as they become ripe.[4]

## II.

### A. *Necessity of Plaintiff's Presence for the Court to Act on the Dispositive Motions*

Although plaintiff has not filed, in this action, a petition for writ of *habeas corpus ad testificandum* so that he may argue the motions that are before this Court, he has filed similar petitions in other actions that have been before this Court. *See Martin-Trigona v. Smith,* No. 84–510; *Martin-Trigona v. Smith,* 600 F.Supp. 1202; *Martin-Trigona v. Shiff,* 600 F.Supp. 1184. Therefore, this Court should, in anticipation of any argument that may be brought on appeal, address plaintiff's right to a hearing before a court may act on any dispositive motions.

Plaintiff is presently incarcerated at the Federal Correctional Institution, Danbury, Connecticut. He is being held there on civil contempt charges. He is to remain there until he answers questions put to him by the trustee of his personal bankruptcy estate concerning the extent of his assets.

▇▇▇ Plaintiff has argued in similar cases that he must be released from the facility and brought to this Court in order to argue numerous motions that are ripe for determination. He asserts that failure to permit him to argue these motions amounts to a deprivation of his constitutional rights. Plaintiff's argument is without merit.

There is no requirement that the Court grant a party the opportunity to a hearing. In fact, the local rules state that "[a] party may in his motion or his opposition specifically request an oral argument, but the allowance of an oral hearing *shall be within the sole discretion of the Court.*" Local Rule 1–9(g) (emphasis added). Accordingly, the Court is free to decide these motions without the benefit of oral argument and will do so in this case.

### B. In Personam *Jurisdiction Over Defendants Acton, ACM, and AFC*

Defendants first argue that this Court does not have jurisdiction over defendants Acton, ACM, and AFC because all three corporations are nonresident defendants. Defendants assert that no business has been transacted in the District of Columbia by these three corporations and so they, therefore, do not have the requisite "minimum contacts" in this forum for the Court to exercise personal jurisdiction over them.

A review of defendant corporations' principal place of business, place of incorporation, and contacts with the District of Columbia will be helpful in resolving defendants' motion.

Defendant Acton is incorporated in the State of Delaware. *See* Plaintiff's Supplement to Response to Motion to Dismiss, Exhibit C–1. As a corporation it has never transacted business in the District of Columbia. Defendant's Supplemental Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, Affidavit of Michael B. Milsom at ¶ 3. ACM, as a wholly owned subsidiary of Acton, also has never transacted business in the District of Columbia. *Id.*

AFC is a subsidiary of Beltran Corporation ("Beltran"). Motion of Defendants' Acton Corporation, Acton Communications

---

**4.** Although failure to file an opposition to a motion "may be treat[ed] ... as conceded", Local Rule 1–9(d), this Court will examine defendant FCC's motion as if it were opposed by plaintiff to determine if said motion has merit. In another case that is before this Court, *Martin-Trigona v. Shiff,* 600 F.Supp. 1184, the defendant

FCC filed a motion to dismiss. That motion was opposed by plaintiff. The Court presumes that plaintiff would assert the same arguments pursued in that action and has examined them accordingly. The merits of defendant FCC's motion is discussed *infra* at 1200–1201.

of Massachusetts, Acton Foodservices Corporation, and Gadsby & Hannah to Dismiss the Complaint as to Them and For Sanctions, Affidavit of Arthur Lincoln at ¶ 1 ("Lincoln Affidavit"). Both AFC and Beltran are incorporated in the State of Delaware and have never transacted business in the District of Columbia. *Id.* at ¶ 2, 3. Until January 4, 1982, AFC was a wholly owned subsidiary of Acton, whereupon on that date it was transferred to Beltran and became a second-tier subsidiary of that corporation. *Id.* at ¶ 4.

Beltran has never had any legal relationship with Acton. *Id.* at ¶ 4.

Acton Company, Inc. of Washington, doing business as Mann's Potato Chip Company, was a subsidiary of Acton until it was transferred to Beltran on January 4, 1982.

Neither AFC or Acton Company, Inc. of Washington has had any legal relationship with Acton since the date of the transfer effective January 4, 1982.

■ From a review of these facts, it is plain to the Court that Acton, AFC, and ACM do not have the requisite contacts necessary for this Court to attach *in personam* jurisdiction over them. Any basis for the exercise of personal jurisdiction over defendants Acton, AFC and ACM must be because of either the defendants' relationship to the District of Columbia under D.C.Code § 13–422 (1981)[5] or pursuant to the District of Columbia's "long-arm" statute, D.C.Code § 13–423 (1981 & 1984 Supp.),[6] consistent with the due process limitation contained in the United States Constitution.

■ Defendants Acton, AFC, and ACM all have no contacts with the District of Columbia, nor have they transacted business within the meaning of section 423. Further, plaintiff has not alleged any cause of action which might arise from the acts enumerated in section 423. Plaintiff argues principally, that at the time he filed suit, Acton owned Acton Company, Inc. of Washington, doing business as Mann's Potato Chip Company, a District of Columbia corporation, and, therefore, is subject to this Court's exercise of personal jurisdiction.

Plaintiff's argument is without merit. Sections 422 and 423 do not provide that personal jurisdiction may attach on a parent corporation merely because one of its subsidiaries is authorized to do business in the District. *Cf. Naartex Consulting Corp. v. Watt,* 542 F.Supp. 1196, 1199 (D.D.C.1982), *aff'd,* 722 F.2d 779 (D.C.Cir. 1983), *cert. denied sub nom. Naartex Consulting Corp. v. Clark,* — U.S. —, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984) (in order to demonstrate a basis for the exercise of *in personam* jurisdiction, the plaintiff must demonstrate not only that defendant has transacted business in the District, but also that the claims asserted relate to that business transacted in the District); *LaBri-*

---

5. Under D.C.Code § 13–422 "[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his office or its principal place of business in, the District of Columbia as to any claim for relief." D.C.Code § 13–422 (1981).

6. Pursuant to D.C.Code § 13–423, personal jurisdiction may be exercised over a nonresident defendant only under the following circumstances:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia;

\* \* \* \* \* \*

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C.Code § 13–423 (1981 ed. and 1984 Supp.).

*er v. A.H. Robins, Co.,* 551 F.Supp. 53, 55 (D.D.C.1982) (*id.*). As Professors Wright and Miller note:

> When a subsidiary of a foreign corporation is carrying on business in a particular jurisdiction, the parent is not automatically subject to jurisdiction in the state. Thus, if a subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent, jurisdiction over the parent may not be acquired on the basis of the local activities of the subsidiary.

Wright & Miller, *Federal Practice and Procedure: Jurisdiction* § 1069 (1984) (footnotes omitted). Merely because Acton and AFC may have had a subsidiary which was authorized to conduct business in the District of Columbia, the presence of that subsidiary alone would not provide this Court a sufficient basis to attain jurisdiction over the defendant corporations.

■ Any assertion that this Court has *in personam* jurisdiction over defendant corporations pursuant to the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* is also without merit. Plaintiff has asserted that this Court may attain *in personam* jurisdiction over the corporate defendants pursuant to section 1965 of Title 18, United States Code [7] because the "ends of justice" require that this Court attain such jurisdiction.

The Court need not address this argument because as Judge Norma Johnson has ruled in *Berg v. First American Bankshares, Inc.,* 599 F.Supp. 500 (D.D.C.1984), "there is a requirement of prior criminal conviction for the predicate acts forming the pattern of racketeering activity for all

civil RICO claims." *Id.* at 506; *see also Sedima, S.P.R.L. v. Imrex Co.,* 741 F.2d 482, 496 (2d Cir.1984). There has been no prior criminal convictions as to the defendants in this case so, accordingly, plaintiff cannot use section 1965 as a basis for personal jurisdiction to attach over them. The Court, finding that there is no *in personam* jurisdiction over corporate defendants, must dismiss them from this action.

### C. *District Court of Connecticut's Permanent Injunction and Plaintiff's Amended Complaint Adding Defendants AFC, G & H, and F.D.I.C.*

Presently, the United States District Court for the District of Connecticut has imposed a permanent injunction upon Mr. Martin-Trigona from instituting any action in any federal court of the United States without first obtaining the permission from that court. *See In re Martin-Trigona,* 573 F.Supp. 1245 (D.Conn.1983). The district court order states in pertinent part:

> [i]t is further ORDERED:
>
> That Anthony R. Martin-Trigona is hereby permanently enjoined from the filing of any action, in any court (state or federal) of the United States, arising out of (1) the acts of any person or entity involved in any capacity with either the litigation of any bankruptcy proceeding involving Anthony R. Martin-Trigona or any of the properties in which he claims or seeks to assert an interest filed on or before the date of this order or (2) the litigation of any civil action relating to such bankruptcy proceedings and filed by him. Upon the conclusion of any bankruptcy proceeding in which Anthony R. Martin-Trigona claims an interest and upon certification by the bankruptcy judge before whom the proceeding was

---

7. Title 18, United States Code, section 1965 provides in pertinent part:

(a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

(b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the *ends of justice* require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(a), (b) (emphasis added).

held and to whom a copy of this order has been provided by Anthony R. Martin-Trigona, together with an application for such certification, Anthony R. Martin-Trigona may file a consolidated appeal from such bankruptcy proceedings, contingent upon the granting of leave by the court in which the appeal is sought to be filed (and pursuant to the terms of the following paragraph of this order). And it is further ORDERED:

That Anthony R. Martin-Trigona is hereby permanently enjoined from filing any new action or proceeding in any court (state or federal) of the United States, without first obtaining leave of that court. In seeking such leave to file Anthony R. Martin-Trigona must comply with each of the following requirements. First, he must file with the complaint a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File." Second, as Exhibit 1 to that motion he must attach a copy of this order. Third, and as Exhibit 2 to that motion, he must attach either a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim he wishes to present is a new claim never before raised by him in any court. Fourth, and as Exhibit 3 to that motion, he must identify by listing the full caption of each and every suit previously filed by him or on his behalf in any court against each and every defendant to the suit he wishes to file. Fifth, and as Exhibit(s) 4 (and continuing as necessary) to that motion he must provide a copy of each such complaint and a certified record of its disposition. Sixth, he must serve a copy of this order on each defendant if and when leave to serve the complaint in the new case is granted. Failure to comply with the terms of this order may be sufficient grounds for a court to deny any motion for leave to file made by Anthony R. Martin-Trigona. Further, the failure by Anthony R. Martin-Trigona to advise a court in which he has filed a lawsuit of this order or to comply with this order may be considered by such court a sufficient defense to sustain a motion to dismiss such a lawsuit.

*Id.* at 1266–67. This order by United States District Court Judge Cabranes was upheld by the United States Court of Appeals for the Second Circuit ("Second Circuit"), *see In Re Martin-Trigona,* 737 F.2d 1254 (2d Cir.1984), but was remanded in part, stating that this order need "not necessarily require extension of each provision of the injunction to activities brought in state court." *Id.* at 1262. The Second Circuit, however, upheld the injunction as it relates to all federal courts.

 Defendants AFC and G & H argue that because the amended complaint constitutes a new action against against them, Judge Cabranes' order enjoining Mr. Martin-Trigona from filing new actions applies. They further state that because Mr. Martin-Trigona failed to seek leave before filing this amended complaint it must be dismissed automatically pursuant to the terms of the order.

The Court finds that the amended complaint adding AFC, G & H, and F.D.I.C. as additional defendants constitutes a new action within the meaning of Rule 15(c) of the Federal Rules of Civil Procedure. In order for an amendment to be considered not a new action it must "relate back" to the filing of the original complaint. Rule 15(c) of the Federal Rules of Civil Procedure provides in part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment charging the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mis-

take concerning the identity of the proper party, the action would have been brought against him.

Fed.R.Civ.P. 15(c).

In applying this rule to the present case, the Court notes that the added defendants have little, if any, connection with the original defendants. AFC, a Delaware corporation, formally a subsidiary of Acton, has, since January 4, 1982, been a second-tier subsidiary of Beltran Corporation. "From that date to the present, neither AFC nor Beltran have had any legal relationship with Acton Corporation or Acton Communications of Massachusetts." Lincoln Affidavit at ¶ 4. G & H's only connection with defendants is that it represented both Acton and AFC in the bankruptcy proceeding in Massachusetts. The F.D.I.C. has had no relationship with the original defendants. Additionally, none of the added defendants could have received any notice that Mr. Martin-Trigona might include them in this action. The claims asserted in the original complaint could not have reasonably put the additional defendants on notice that they too might be named in an amended complaint. Many of the claims alleged in the amended complaint are distinctly new and different from those alleged in the original complaint, adding support to the conclusion that the additional defendants could not have anticipated becoming defendants in this action. Finally, the Court believes that the failure to include these additional defendants in the original complaint was for no other reason than plaintiff's own neglect.

Because this amendment adding AFC, G & H, and F.D.I.C. as defendants amounts to the assertion of a new cause of action, the Court is obliged to comply with Judge Cabranes' order. If plaintiff wished to include the added defendants to this action, he was bound to comply with the terms of the District of Connecticut court's order. *See In re Martin-Trigona*, 573 F.Supp. at 1266–67. Failure to comply with the terms of this order is sufficient grounds to dismiss this action. Accordingly, the Court dismisses these added defendants from this action.

**D.** *Motion to Dismiss Federal Communications Commission*

■ Defendant FCC has moved to dismiss this complaint as to it because exclusive jurisdiction for judicial supervision of Commission decision making is vested in the United States Court of Appeals for the District of Columbia Circuit. *See F.C.C. v. ITT World Communications, Inc.,* — U.S. ——, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984); *City of Rochester v. Bond,* 603 F.2d 927, 934–35 (D.C.Cir.1979); *Magnavox Government and Industrial Electronics Co. v. F.C.C.,* No. 82–316 (D.D.C. Feb. 23, 1982). Plaintiff argues that the Court of Appeals for this Circuit mandated that this Court review an alleged conspiracy between the FCC and other defendants. This claim is completely without merit. As the Court of Appeals determined in *Martin-Trigona v. Shiff,* 712 F.2d 1421:

> Because different charges in each complaint were dismissed for different reasons, we analyze each part of the dismissals separately. First, in both *Shiff* and *Acton,* the district court found that, to the extent that Martin-Trigona sought review of any FCC action that caused him to lose his radio station license, dismissal was proper because appellate courts have exclusive jurisdiction to review final orders of the FCC.... Martin-Trigona did not contest this *clearly correct ruling.*

*Id.* at 1424 (citation omitted) (emphasis added).

Plaintiff also argues that the D.C. Circuit's opinion in *ITT World Communications Inc. v. FCC,* 699 F.2d 1219, 1229–30 (D.C.Cir.1983) permits plaintiff to join the Commission as a defendant. *ITT World Communications,* however, was reversed by the Supreme Court in April of this year, *see F.C.C. v. ITT World Communications, Inc.,* — U.S. ——, 104 S.Ct. 1936, 80 L.Ed.2d 480. In that decision the Court determined that *ultra vires* claims against the Commission are subject to exclusive

judicial review by the Court of Appeals. *Id.* at 1939–40. Accordingly, this Court must dismiss plaintiff's claims against the FCC.[8]

### E. *Plaintiff Fails to Allege a Claim Against Individual Defendants Upon Which Relief Can Be Granted*

· In his complaint, plaintiff lists numerous individuals as defendants in this action.[9] The thorough examination of the sixteen-page complaint reveals that at no time does plaintiff make any allegation or claim against these individual defendants.

Pursuant to Rule 12(b)(6) this Court, *sua sponte,* or upon the motion of a party, may dismiss defendants for plaintiff's failure to state a claim upon which relief can be granted. *See, e.g., Martin-Trigona v. Stewart,* 691 F.2d 856, 858 (8th Cir.1982); *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). Where a plaintiff fails to even allege claims against certain defendants, the action must be dismissed as to them. *See Frank v. Mracek,* 58 F.R.D. 365, 367 (M.D. Ala.1973) (Rule 12b(6) "requires, at least, a statement of circumstances 'showing that the pleader is entitled to relief.' Otherwise, it would appear that a motion to dismiss would lie.") (footnote omitted); *Shapiro v. Royal Indemnity Co.,* 100 F.Supp. 801, 802 (W.D.Pa.1951) ("the complaint must give the defendant notice of a claim upon which relief can be granted or be subject to dismissal").

■ Mr. Martin-Trigona, in his long and complex pleading, fails to state why these individuals are part of this action, what harm these individuals caused, or how these individuals are related to the "conspiracy" that plaintiff alleges. The mere allegation that these individuals are di-

rectors of Acton does not, by itself, amount to a claim for relief as against these individual defendants. As far as this Court can determine, Mr. Martin-Trigona alleges no claim against these individual defendants and, therefore, the action must be dismissed as to them.

### F. *Defendants' Motion for Sanctions*

Defendants Acton, ACM, AFC, and G & H have moved for sanctions against Mr. Martin-Trigona in the form of reasonable attorneys' fees and costs. They argue that this action was brought in bad faith in contravention of Judge Cabranes' order.

The Court is not prepared to impose sanctions at this juncture. If defendants wish to pursue their motion, they may seek leave to renew the motion for sanctions within 20 days from the date of this opinion, and provide further briefing on the merits of such a motion.

### CONCLUSION

Because the Court has found that there is no *in personam* jurisdiction over defendants Acton, ACM, and AFC; that plaintiff is barred from pursuing new claims against AFC, G & H, and the F.D.I.C. because of his failure to comply with the District of Connecticut's injunction order; that the Court does not have jurisdiction over defendant FCC; and that plaintiff has failed to state a claim for relief as to the individual defendants, this action must be dismissed.

■

---

8. The Court notes that plaintiff is presently pursuing claims against the Commission for its decision regarding the WDLM license before the United States Court of Appeals for the District of Columbia Circuit. *See Martin-Trigona v. FCC,* 84–1244; *Martin-Trigona v. FCC,* 83–1733; *Martin-Trigona v. FCC,* 83–1579 (D.C.Cir.).

9. Those individuals included the following: Samuel J. Phillips, George M. Phillips, Philip M. St. Germain, Robert C. Fink, William E. Berman, Peter W. Clegg, I. Ira Goldenberg, Gabriel Phillips, John Rigas, Albert Phillips, Frederick Avery, Arthur Lincoln, Clifton F. von Kann, Alfred Strogoff, Frank A. Germack, Gerald Rush, and Leonard Ross.