Anthony R. MARTIN–TRIGONA, Plaintiff,

v.

Philip SHIFF, et al., Defendants.

Civ. A. No. 82–425.

United States District Court, District of Columbia.

Dec. 13, 1984.

Martin-Trigona plaintiff, pro se.

John T. Coyne, David P. Durbin, Robert F. Condon, Nathan Dodell, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

On February 12, 1982, *pro se* plaintiff Anthony R. Martin-Trigona filed this action seeking damages and injunctive relief against Philip Shiff, Jason Shrinsky, Irving Perlmutter, Daniel Meister, and the Federal Communications Commission ("FCC"), contesting the loss of his radio station, WNHC, and its broadcast license from the FCC. Mr. Martin-Trigona alleges that defendants conspired to take away the FCC license from the radio station through involuntary bankruptcy proceedings and, therefore, violated the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*, and the Hobbs Act, 18 U.S.C. § 1951; obstructed justice in contravention of 18 U.S.C. § 1503 and 18 U.S.C. § 1505, and violated his civil rights under 42 U.S.C. § 1985(2). He asserts a number of other miscellaneous federal and state law claims which need not be addressed at this juncture.

In February 1982, this Court, *sua sponte*, dismissed plaintiff's complaint, finding that under the doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), "this forum is inconvenient for litigation concerning an out-of-state radio station; jurisdiction was first exercised in another forum; and dismissal would avoid piecemeal litigation." *Martin-Trigona v. Shiff*, No. 82–425, slip op. at 1 (D.D.C. Feb. 26, 1982).

On appeal, the Court of Appeals for this Circuit reversed the Court's determination, requesting the Court to examine the effects of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), a decision rendered by the Supreme Court subsequent to this Court's initial memorandum of dismissal. *See Martin-Trigona v. Smith*, 712 F.2d 1421, 1426 (D.C.Cir.1983).

In September 1983, after the case was remanded to the district court, defendant Shiff moved to dismiss this action for lack of personal jurisdiction and failure to state

a claim upon which relief can be granted. Plaintiff failed to oppose that motion until November 9, 1983. On November 17, 1983, defendant Shiff replied to Mr. Martin-Trigona's opposition to the motion to dismiss. On October 24, 1983, defendant FCC also moved to dismiss for lack of subject-matter jurisdiction. Plaintiff failed to file an initial opposition to this motion until May 14, 1984.

In January 1984, this Court granted plaintiff's motion for leave to charge costs of re-service, after having made service in accordance with Rule 4(c)(2)(C)(ii) on defendants Meister and Perlmutter. The Court sees nothing on the record which indicates that plaintiff effected re-service, nor has he ever submitted proof of costs for said re-service of defendants.

The Court stayed all discovery in this matter until it had the opportunity to hear argument on the motions or at least until all defendants which Mr. Martin-Trigona intended to serve had been brought before this Court. The Court, in the interest of judicial economy, also temporarily delayed consideration of the motions to dismiss until they all had become ripe.

Further, the Court scheduled argument dates for the motions to dismiss, but because of Mr. Martin-Trigona's incarceration for contempt, the Court cancelled indefinitely argument on the motions.

In May 1984, Mr. Martin-Trigona filed numerous motions before the Court. He filed a motion for leave to proceed *in forma pauperis*, which was denied without prejudice. The Court in that order indicated that if Mr. Martin-Trigona provided the Court, in some detail, the facts of his poverty, the Court would reconsider his motion.

The Court also denied plaintiff's motion to file an amended complaint. The Court denied plaintiff's motion at that time at least until he was able to provide the Court, in detail, the basis of his new complaint, or submit a copy of his proposed amended complaint.

Plaintiff also filed a petition for writ of *habeas corpus ad testificandum*. This Court, however, did not act on this motion immediately. Because the Court determined that it would not hold oral argument on the motions, action on Mr. Martin-Trigona's petition was unnecessary at that time.

On June 21, 1984, the Court granted the FCC's motion to dismiss, finding that exclusive jurisdiction for judicial supervision of the FCC is vested with the United States Court of Appeals for the District of Columbia ("D.C. Circuit").

Presently before this Court are a number of motions that must be decided. They include plaintiff's "Motion to Recuse Judge;" plaintiff's petition for writ of *habeas corpus ad testificandum*, defendants' oppositions thereto; defendant Shiff's motion to dismiss for lack of personal jurisdiction, plaintiff's opposition thereto, defendant's reply to plaintiff's opposition; defendant Shrinsky's motion for partial summary judgment, plaintiff's opposition thereto; plaintiff's renewed motion to proceed *in forma pauperis;* and plaintiff's renewed motion to amend complaint. In addition, on October 24, 1984, the Court, *sua sponte*, ordered the parties to submit, by November 15, 1984, briefing as to the issue of whether this action should be transferred to the District of Connecticut pursuant to the provisions of 28 U.S.C. § 1404. The Court will address each of these issues seriatim.

A. Plaintiff's Motion to Recuse Judge

On November 19, 1984, plaintiff filed a motion to recuse me from this action. The basis of Mr. Martin-Trigona's motion appears to be that he is unhappy with the pace that this action has taken and disagrees with this Court's determinations of issues that it has been asked to resolve. Mr. Martin-Trigona states in his motion:

There comes a time when the court's antipathy for a litigant, and when a continuing pattern of *sua sponte* delays, can amount to denial of a "neutral and detached judge" as required by the Constitution. This court is seemingly incapable

of approaching or deciding the issues with an "unjade eye."

Motion to Recuse Judge at 1 (citation omitted).

Mandatory disqualification of a district court judge may be premised on either 28 U.S.C. § 144 or 28 U.S.C. § 455.[1] Under section 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge ... has a personal bias or prejudice against him in favor of any adverse party, such judge shall proceed no further therein....
>
> \* \* \* \* \* \*
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.... A party may file one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. It is plain that, in determining whether recusal shall be granted, the facts in the affidavit shall be taken as true. Therefore, the only issue for this Court to determine is whether the allegations made are legally sufficient to establish personal bias or prejudice. *Berger v. United States*, 255 U.S. 22, 35–36, 41 S.Ct. 230, 233–34, 65 L.Ed. 481 (1921); *Mitchell v. Sirica*, 502 F.2d 375, 379 (D.C.Cir.1974); *Tynan v. United States*, 376 F.2d 761, 764 (D.C.Cir.), *cert. denied*, 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed.2d 111 (1967).

■ In reviewing plaintiff's motion, the Court first notes that plaintiff has failed to comply with the requirements of section 144 which demands, *inter alia*, that a timely and sufficient affidavit outlining the personal bias or prejudice be submitted along with detailed facts and reasons supporting that affidavit. Failure to submit such an affidavit shall defeat the charge of bias. *See, e.g., United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir.1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454

(1979). Further, Mr. Martin-Trigona has failed to accompany his motion with the good faith certification as expressly required by section 144. It is plain that failure to provide these documents amounts to a significant defect and shall defeat a motion for disqualification. *E.g., Walters v. United States*, 404 F.Supp. 996, 998 (S.D.N.Y.1975), *aff'd mem.* 542 F.2d 1166 (2d Cir.1976). The Court takes this position, particularly in light of Mr. Martin-Trigona's past efforts to recuse judges upon receiving adverse rulings in his cases. *See, e.g., In re Martin-Trigona*, 573 F.Supp. 1237 (D.Conn.1983); *In re Martin-Trigona, In re New Haven Radio, Inc.*, Misc.Civ. H 83–62 (D.Conn. Apr. 25, 1984).

■ Even assuming that plaintiff satisfied the express requirements of section 144, the claims made by Mr. Martin-Trigona cannot serve as a basis for recusal. Adverse rulings alone do not amount to a claim of personal bias or prejudice as outlined in section 144. *Berger v. United States*, 255 U.S. at 34, 41 S.Ct. at 233. *United States v. Azhocar*, 581 F.2d at 739. Disagreement with a court's rulings in an action cannot serve as a basis for recusal. *E.g., Hanger v. United States*, 398 F.2d 91, 101 (8th Cir.1968), *cert. denied*, 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969). Further, conclusory allegations of personal bias because of *sua sponte* delays by this Court cannot amount to a justification for a recusal without some facts submitted pursuant to section 144. Plaintiff must assert more, and must do it pursuant to the strict provisions of the recusal statute. Failure to comply with the terms of section 144 permits this Court to deny plaintiff's motion.

As the Court in *Simonson v. General Motors Corp.*, 425 F.Supp. 574 (E.D.Pa. 1976) noted:

> Recusal and reassignment is not a matter to be lightly undertaken by a district judge. While, in proper cases, we have a

---

**1.** In examining plaintiff's motion, it appears that he does not seek recusal via section 455 because that section relates to a judge's interest because of prior involvement with the case, the parties, or the attorney in the action.

duty to recuse ourselves, in cases such as the one before us, we have concomitant obligations *not* to recuse ourselves; absent a valid reason for recusal, there remains what has sometimes been termed a "duty to sit."

*Id.* at 578 (citation omitted) (emphasis in original); *see also Laird, Secretary of Welfare v. Tatum*, 409 U.S. 823, 837, 93 S.Ct. 7, 14, 34 L.Ed.2d 50 (1972) ("a Federal judge has a duty to *sit* where *not disqualified* which is equally as strong as the duty to *not sit* where *disqualified.*") (emphasis in original). Accordingly, plaintiff's Motion to Recuse Judge is denied.

### B. Plaintiff's Petition for *Habeas Corpus Ad Testificandum*

■ As noted, *supra,* the Court to date has not acted on plaintiff's petition for *habeas corpus ad testificandum* in this case because it was not prepared to act on defendant Shiff's motion to dismiss. Because of recent developments in the law and because it is evident that Mr. Martin-Trigona is most likely going to remain incarcerated, for at least the foreseeable future, at the Danbury Federal Correctional Facility for civil contempt, the Court must, in the interest of all the parties, now act on the dispositive motions that are before it.

Mr. Martin-Trigona's petition states that if the Court is to hold a hearing on the dispositive motions in this case, the Court cannot conduct a fair hearing without his presence. The Court has been cognizant of Mr. Martin-Trigona's concerns and, therefore, has not rescheduled a hearing date upon receiving notice that plaintiff is to remain incarcerated indefinitely.[2] Therefore, the remaining issue that confronts this Court concerning plaintiff's petition is whether a hearing is required before it may act on dispositive motions that affect this case.

To the Court's knowledge, there are no requirements that the Court must grant a party the opportunity for a hearing. In fact, the local rules state that "[a] party may in his motion or his opposition specifically request an oral hearing, but the allowance of an oral hearing *shall be within the sole discretion of the court.*" Local Rule 1–9(g) (emphasis added). Further, the Court notes that there are no disputed elements of fact that are at issue here. What is at stake in these remaining motions are questions of law. Finally, as noted, *supra,* plaintiff has had every opportunity to oppose or pursue motions and submit written memorandum in support of his position without restrictions as to timeliness. This has been true, even to the potential prejudice of defendants.

Because the Court finds that plaintiff's presence for argument is not necessary in order for it to determine the merits of the motions that are before it, and because plaintiff has failed to make a strong showing that such a writ should be granted, the Court denies plaintiff's petition.

### C. The Court's Inquiry of Transferring this Case to the District of Connecticut

■ On October 23, 1984, the Court, *sua sponte,* inquired from the parties whether this case should be transferred to the District of Connecticut. After receiving briefing from the parties on this proposal, the Court has determined that transfer at this juncture may not be in the best interests of the parties. Because all the litigants in this action are in agreement with this conclusion, the Court need not elaborate on this decision. Therefore, the Court finds that, in the interests of justice, the case shall not be transferred to the District of Connecticut and shall remain in this jurisdiction.

### D. Defendant Shiff's Motion to Dismiss

Defendant Philip Shiff has moved for an entry of an order dismissing the complaint against him for lack of personal jurisdiction and for its failure to state any claim upon which relief may be granted. After re-

---

**2.** Prior to the Court's apprisal of Mr. Martin-Trigona's incarceration, the Court planned to hold a hearing on the various motions that were before the Court in order to expedite matters in this case.

viewing the entire record in this case and the pleadings submitted with this motion, the Court grants defendant's motion.

Defendant Philip Shiff is a resident of the State of Connecticut. Motion to Dismiss, Affidavit of Philip Shiff, at ¶ 1. He is not now nor has he ever been a resident of the District of Columbia. *Id.* Mr. Shiff has never maintained an office for the practice of law in the District of Columbia, nor did he carry on any legal activities within the District. *Id.* at ¶¶ 2, 3, 4. The injuries asserted by plaintiff did not occur within the District of Columbia.

The Court must dismiss the complaint against defendant Shiff because there exists no *in personam* jurisdiction over him. As noted above, plaintiff has no contact with the District of Columbia. Any basis for the exercise of personal jurisdiction over defendant Shiff must be pursuant to the District of Columbia "long-arm statute," D.C.Code § 13–423 (1981),[3] consistent with due process limitations contained in the United States Constitution.

■ Plaintiff cannot begin to meet these requirements because it is plain from the unrefuted affidavit submitted in defendant's motion to dismiss that Mr. Shiff has had virtually no contact with the District of Columbia. Therefore, the Court lacks *in personam* jurisdiction over defendant Shiff.

Plaintiff asserts, however, that this Court does have *in personam* jurisdiction over defendant Shiff pursuant to 18 U.S.C. § 1965. Section 1965 of Title 18, United States Code is the venue and process provi-

sion of the RICO statute. Section 1965 provides in pertinent part:

(a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

(b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the *ends of justice* require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(a), (b) (emphasis added).

Plaintiff asserts that it is in the "interests of justice" to invoke personal jurisdiction pursuant to section 1965 in order to bring defendant Shiff in this action. *See* Response to Motion to Dismiss at 2.

■ The Court finds plaintiff's argument to be without merit. Pursuant to the well-reasoned decision in *Sedima, S.P.R.L. v. Imrex Co.*, 741 F.2d 482 (2nd Cir.1984), there must be a prior criminal conviction for the predicate acts which form the basis of the civil RICO claims. *Id.* at 496. Failure to have an underlying criminal conviction against the named defendant bars a plaintiff from pursuing RICO claims. *Id.; see also Berg v. First American Bankshares, Inc.*, 599 F.Supp. 500, 505–07 (D.D.C.1984). For further analysis, *see infra* at 1190. Therefore, because the Court finds that there exists no basis upon

---

**3.** Pursuant to D.C.Code § 13–423, personal jurisdiction may be exercised over a nonresident defendant only under the following circumstances:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia;

\*　\*　\*　\*　\*　\*

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C.Code § 13–423 (1981 ed. and 1984 Supp.).

which it can exercise personal jurisdiction over defendant Shiff, it must dismiss the complaint as to him.

### E. Defendant Shrinsky's Motion for Partial Summary Judgment

Defendant Shrinsky, on December 15, 1984, moved for summary judgment on all RICO claims brought against him.[4] Although his motion is captioned as a partial summary judgment motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Court finds that his motion can be more accurately characterized as a partial motion to dismiss.

Defendant Shrinsky seeks dismissal of all RICO claims asserted against him. The basis of his motion, pursuant to the holdings in *Sedima* and *Berg,* is that where the named defendant has not been convicted of any underlying predicate offense alleged by a plaintiff in the complaint in support of a RICO claim, that claim may not survive a motion to dismiss. *See Sedima, S.P.R.L. v. Imrex Co.,* 741 F.2d at 496–503; *Berg v. First American Bankshares, Inc.,* 599 F.Supp. 500, 505–07.

In reviewing the cases cited by defendant Shrinsky and examining those courts' analyses, it is quite plain that defendant's argument has merit. As the Second Circuit has noted:

[I]f Congress had intended to permit defendants in every "garden-variety" fraud or securities violation case to be stigmatized as "racketeers," on the basis of the preponderance of the evidence, it would have said so in plainer language than it did.

*Sedima, S.P.R.L. v. Imrex Co.,* 741 F.2d at 503. Accordingly, this Court must dismiss all RICO claims brought against defendant Shrinsky.

### F. Plaintiff's Motion to Reconsider Order of June 21, 1984, Denying Leave to Add Additional Defendants

On August 15, 1984, plaintiff moved to reconsider this Court's order denying leave

to add additional defendants. In its June 21, 1984 order, the Court denied without prejudice plaintiff's motion to add additional defendants. The Court noted that plaintiff failed to provide it with either a proposed amended complaint or statement of any particularized relationship between the proposed new defendants and the present defendants and without such a presentation, the Court denied his motion.

In plaintiff's motion for reconsideration, he states that the particularized relationships between the parties are that:

[T]he new defendants are co-conspirators of the instant or present defendants. At the time the original complaint was filed, plaintiff was not aware of the relationship between the prospective defendants and the present defendants, and is still not certain when and how the relationship arose.

Plaintiff's Motion to Reconsider Order of June 21, 1984 Denying Leave to Add Additional Defendants at 2.

The Court is not satisfied with Mr. Martin-Trigona's artfully vague explanation. It neither outlines in detail the relationships which exist between the parties nor explains what "conspiracy" has actually occurred. If plaintiff seeks to attain leave to file an amended complaint, he must specifically satisfy the requirements and the general intent of Rule 15(a) of the Federal Rules of Civil Procedure. *See also* Wright & Miller, *Federal Practice and Procedure: Civil* § 1485 (1971) ("A motion to amend under Rule 15(a), as is true of motions generally, is subject to the requirements of Rule (7)(b), and must set forth with particularity the relief or order requested and the grounds supporting the application.")

The Court notes further that the District Court for the District of Connecticut imposed a permanent injunction upon Mr. Martin-Trigona enjoining him from instituting any action in a federal court without

---

**4.** Plaintiff failed to respond to this motion until December 10, 1984, twelve days after an opposi- tion or motion for extension of time was due.

first obtaining the permission from the court where the action is brought. *See In re Martin-Trigona,* 573 F.Supp. 1245 (D.Conn.1983). That district court's order states in pertinent part:

[i]t is further ORDERED:

That Anthony R. Martin-Trigona is hereby permanently enjoined from the filing of any action, in any court (state or federal) of the United States, arising out of (1) the acts of any person or entity involved in any capacity with either the litigation of any bankruptcy proceeding involving Anthony R. Martin-Trigona or any of the properties in which he claims or seeks to assert an interest filed on or before the date of this order or (2) the litigation of any civil action relating to such bankruptcy proceedings and filed by him. Upon the conclusion of any bankruptcy proceeding in which Anthony Martin-Trigona claims an interest and upon certification by the bankruptcy judge before whom the proceeding was held and to whom a copy of this order has been provided by Anthony R. Martin-Trigona, together with an application for such certification, Anthony R. Martin-Trigona may file a consolidated appeal from such bankruptcy proceedings, contingent upon the granting of leave by the court in which the appeal is sought to be filed (and pursuant to the terms of the following paragraph of this order). And it is further ORDERED:

That Anthony Martin-Trigona is hereby permanently enjoined from filing any new action or proceeding in any court (state or federal) of the United States, without first obtaining leave of that court. In seeking such leave to file Anthony R. Martin-Trigona must comply with each of the following requirements. First, he must file with the complaint a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File." Second, as Exhibit 1 to that motion he must attach a copy of this order. Third, and as Exhibit 2 to that motion, he must attach either a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim he

wishes to present is a new claim never before raised by him .in any court. Fourth, and as Exhibit 3 to that motion, he must identify by listing the full caption of each and every suit previously filed by him or on his behalf in any court against each and every defendant to the suit he wishes to file. Fifth, and as Exhibit(s) 4 (and continuing as necessary) to that motion he must provide a copy of each such complaint and a certified record of its disposition. Sixth, he must serve a copy of this order on each defendant if and when leave to serve the complaint in the new case is granted. Failure to comply with the terms of this order may be sufficient grounds for a court to deny any motion for leave to file made by Anthony R. Martin-Trigona. Further, the failure by Anthony ·R. Martin-Trigona to advise a court in which he has filed a lawsuit of this order or to comply with this order may be considered by such court a sufficient defense to sustain a motion to dismiss such a lawsuit.

*Id.* at 1266–67. This order by United States District Judge Cabranes has been upheld by the United States Court of Appeals for the Second Circuit in *In re Martin-Trigona,* 737 F.2d 1254 (2d Cir.1984), but was remanded in part, stating that the order need "not necessarily require extension of each provision of the injunction to activities brought in state court." *Id.* at 1262. The Second Circuit, however, upheld the injunction as it relates to all federal courts.

 Because Mr. Martin-Trigona has failed to outline, in *specific* detail, the scope of his proposed amended complaint, which would add numerous new defendants, and given Judge Cabranes' order enjoining plaintiff from commencing a new action without prior approval, the Court cannot, at this time, grant plaintiff's motion for reconsideration. If plaintiff submits the detailed explanation or the proposed amended complaint to the Court, and the Court determines that this amended complaint does not, in fact, amount to a

new complaint within the meaning of Rule 15(c) of the Federal Rules of Civil Procedure, leave will be granted to plaintiff to file his amended complaint. Until that time, however, plaintiff's motion is denied.

G. Renewed Motion to Proceed *In Forma Pauperis*

On June 21, 1984, the Court denied without prejudice plaintiff's motion to proceed *in forma pauperis* for failure to state specific facts as to his poverty.

█ Plaintiff has renewed his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with what he states to be an "affidavit." In examining the original "affidavit" filed with the Clerk, the Court notes that this "affidavit" is not taken before a person having authority to witness the affirmation, such as a notary public. Failure to comply with the requirements of 28 U.S.C. § 1915(a) generally prevents a court from granting a plaintiff's motion to proceed *in forma pauperis. See Atkins v. Sullivan,* 387 F.2d 140, 141 (10th Cir.1967), *cert. denied,* 391 U.S. 927, 88 S.Ct. 1826, 20 L.Ed.2d 666 (1968) (where affidavits are not notarized trial court correct in not granting leave to file *in forma pauperis* ). Because the Court is cognizant that Mr. Martin-Trigona has refused to testify in bankruptcy proceedings taking place in the District of Connecticut concerning the extent of his assets, *see, e.g., In re Anthony R. Martin-Trigona, In Re New Haven Radio, Inc.,* 742 F.2d 1434 (2d Cir.1984) (unpublished decision), it must require that Mr. Martin-Trigona submit his "affidavit" under oath. Upon plaintiff's filing of an affidavit affirmed before a notary public or another such person having authority to witness the affirmation, the Court shall act on his motion to proceed *in forma pauperis.*

H. Discovery

The Court stayed all discovery in this case until it could act on the dispositive motions before it. Because the Court now has resolved numerous questions dispositive of certain issues, as well as of certain parties, discovery may proceed.

An order consistent with this memorandum opinion is attached.

## ORDER

Upon consideration of plaintiff's "Motion to Recuse Judge," defendants' oppositions thereto; plaintiff's petition for writ of *habeas corpus ad testificandum,* defendants' oppositions thereto; defendant Shiff's motion to dismiss, plaintiff's opposition thereto, defendant's reply to plaintiff's opposition; defendant Shrinsky's motion for partial summary judgment, plaintiff's opposition thereto; plaintiff's renewed motion to amend complaint, the entire record herein, and for the reasons set forth in detail in the accompanying memorandum opinion, it is by the Court this 12th day of December 1984,

ORDERED that plaintiff's "Motion to Recuse Judge" is denied; it is further

ORDERED that plaintiff's petition for writ of *habeas corpus ad testificandum* is denied without prejudice; it is further

ORDERED that defendant Shiff's motion to dismiss is granted; it is further

ORDERED that the plaintiff's claims alleging violations of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.,* against defendant Shrinsky are dismissed; it is further

ORDERED that plaintiff's renewed motion to amend complaint is denied without prejudice; and it is further

ORDERED that discovery is no longer stayed.