**Leonard S. BROWN, Jr., Plaintiff,**

v.

**DISTRICT UNEMPLOYMENT COMPENSATION BOARD et al., Defendants.**

**Civ. A. No. 75–1508.**

United States District Court, District of Columbia.

Dec. 10, 1975.

Leonard S. Brown, Jr., pro se.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

On September 18, 1975, Judge Hart, in the exercise of his inherent power to control the judicial process, dismissed this action *sua sponte*. The plaintiff thereafter moved for a vacation of that order. It is this motion which is now before this Court; it is denied.

Clearly, a district court has the power to dismiss a case *sua sponte* if it is frivolous or brought for some ulterior

---

purpose such as harassment. 1 *J. Moore, Federal Practice* ¶.0.60[6] (2d ed. 1975). After he read the complaint in this case, Judge Hart evidently felt that either of these grounds justified immediate dismissal. He had good reason for this, for the complaint names fully 23 individual defendants, ranging from the United States to the director of the National Capital Housing Authority, to the vice-president for health affairs of Howard University; it rambles on for some 98 pages, making a myriad of allegations, including that the defendants, either individually or as a conspiracy, have discriminated against him, harassed him, libelled him, and attempted to kill him.

But this Court need not rest its action on the complaint alone. Since Judge Hart issued his order, the plaintiff has given even further indication of the nature of his claim and his reason for bringing this action. He has, for example, sent to various defendants numerous written interrogatories, many of which are, to put the matter most kindly, scandalous. He has also asked this Court to order one of the defendants to undergo a mental and physical examination. Finally, he has admitted to this Court in oral argument that he has brought nearly identical complaints at least seven previous times in the last seven years; each time the district court has summarily dismissed it; those times he has appealed that action, the Court of Appeals has summarily affirmed it.

Having considered the complaint, the subsequent filings in this case, and the plaintiff's admissions in open court, then, this Court fully concurs with Judge Hart's dismissal order. Accordingly, it is by the Court this 9th day of December, 1975,

ORDERED that the order dismissing the complaint in this case herein be, and the same hereby is, confirmed; and it is

FURTHER ORDERED that the plaintiff's motion for vacation of the order dismissing the complaint in this case herein be, and the same hereby is, denied.