**Miranda SIMMONS, Plaintiff,**

v.

**Jack ROSENBERG, Sherri R. Rosenberg and Roland L. Folbert, Defendants.**

No. CV 81–2668.

United States District Court,
E.D. New York.

Oct. 14, 1983.

Marvin V. Ausubel, New York City, for plaintiff.

Edwin Knauer, Morris, Duffy, Ivone & Jensen, New York City, for defendants Rosenberg.

Bruce Cozzens, McCabe, Nicolini & Paradise, Mineola, N.Y., for defendant Folbert.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

On April 24, 1981, plaintiff Miranda Simmons was a passenger riding in a 1977 Renault driven by defendant Sherri Rosenberg. At an intersection in Glen Head, N.Y., that vehicle collided with another vehicle driven by defendant Roland Folbert. Plaintiff Simmons was injured and sued both drivers and Jack Rosenberg, as co-owner with his daughter Sherri of the Renault.

That action was brought in this Court in August of 1981 as a diversity suit pursuant to 28 U.S.C. Section 1332. In her complaint, plaintiff averred in the first paragraph that she was an American citizen and a citizen of a state other than New York. In the second paragraph she averred that she was a domiciliary of Italy and a student in residence in Bennington, Vermont. In the next two paragraphs she alleged that all the defendants were citizens of New York state. Finally, plaintiff averred that the amount in controversy exceeded $10,-000.00. By these pleadings plaintiff sought to establish subject matter jurisdiction in this Court.

None of the parties has contested the citizenship or domicile in plaintiff's original pleadings, nor have they questioned the diversity of citizenship on which the Court's subject matter jurisdiction rests. The Court of its own accord raises the issue of diversity jurisdiction and after examination of the facts on the record dismisses plaintiff's case for lack of subject matter jurisdiction.

The United States District Courts are courts of limited jurisdiction. *Chicot County Dist. v. Baxter State Bank,* 308 U.S. 371, 376, 60 S.Ct. 317, 319, 84 L.Ed. 329, *reh'g denied,* 309 U.S. 695, 60 S.Ct. 581, 84 L.Ed. 1035 (1940). That jurisdiction is bestowed by Article III Section 2 of the U.S. Constitution and by Congress, and is limited to those specific grants, *Powell v. McCormack,* 395 U.S. 486, 512–13, 89 S.Ct. 1944, 1959, 23 L.Ed.2d 491 (1969), which must be strictly construed, *Kresberg v. International Paper Co.,* 149 F.2d 911, 913 (2d Cir.1945), *cert. denied,* 326 U.S. 764, 66 S.Ct. 146, 90 L.Ed. 460 (1945). The question of subject matter jurisdiction is so fundamental that it is a "question the court is bound to ask and answer for itself, even when not otherwise suggested. . . ." *Mansfield, Coldwater & Lake Michigan Rwy. v. Swann,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1883).

Section 1332(a), 28 U.S.C., grants diversity jurisdiction in

all civil actions where the matter in controversy exceeds . . . $10,000.00 . . . and is between (1) citizens of different states; (or) (2) citizens of a State, and foreign states or citizens or subjects thereof; . . .

The statute must be strictly construed. It is apparent that as a U.S. citizen domiciled in a foreign country plaintiff is without citizenship of one of the several states of the Union. It is well established that there is no diversity of citizenship under Section 1332(a)(1) or (2) where, as here, a party is a U.S. citizen domiciled abroad and without state citizenship. *Sadat v. Mertes,* 615 F.2d 1176 (7th Cir.1980); *Smith v. Carter,* 545 F.2d 909 (5th Cir.1977), *cert. denied,* 431 U.S. 955, 97 S.Ct. 2677, 53 L.Ed.2d 272 (1977; *Pemberton v. Colonna,* 290 F.2d 220 (3d Cir.1961); *aff'g* 189 F.Supp. 430 (E.D.Pa.1960); *Vidal v. South American Securities Co.,* 276 F. 855, 875 (2d Cir.1922); *Haggerty v. Pratt Inst.,* 372 F.Supp. 760 (E.D.N.Y.1974); *Wittmeyer Trucking Co., Inc. v. Fess Transport Ltd.,* 191 F.Supp. 802 (W.D.N.Y.1961).

Under 28 U.S.C. Section 1653 the plaintiff could amend her defective allegation of jurisdiction. On September 6, 1983, the plaintiff did so, but merely averred that she was an American citizen and "a citizen of a state other than the state of New York." This is clearly insufficient to establish diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1). *Mansfield, Coldwater & Lake Michigan Rwy. v. Swann,* 111 U.S. at 381–82, 4 S.Ct. at 511. Diversity must be alleged with detail and certainty, *John Birch Society v. Nat'l Broadcasting Co.,* 377 F.2d 194, 197–98 (2d Cir.1967). Additionally, counsel for plaintiff alleged orally on September 6, 1983, *in camera* with both opposing counsel, present that plaintiff was residing in Stockbridge, Massachusetts in August 1981, when the original complaint was filed, with the intent to return to Bennington, Vermont to resume her studies in the autumn. This vague allegation of alternative state residences will not suffice. Furthermore, there is little presented on the record to establish with any certainty a state domicile. In her answers to interrogatories dated May 7, 1982 and April 29, 1982 plaintiff gives Massachusetts, Vermont and Rome, Italy addresses simultaneously, thus displaying no intent to remain domiciled in and acquire citizenship of any particular state.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure the plaintiff's case is dismissed for lack of subject matter jurisdiction. In the absence of jurisdiction the Court finds itself constrained to proceed no further, *American Fire and Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Popple v. United States,* 416 F.Supp. 1227 (W.D.N.Y.1976), and declines to decide defendant Jack Rosenberg's motion for summary judgment.

At the request of all parties the Court notes for the record that they stipulated on September 6, 1983, that the evidence in this case produced and made part of the record in pre-trial proceedings before this court is to be used in any state action filed in this case.

SO ORDERED.