Bernard BETTIS, Plaintiff,

v.

Bettie MONTGOMERY, Defendant.

Civ. A. No. 88–1498.

United States District Court, District of Columbia.

Jan. 3, 1989.

---

Bernard Bettis, pro se.

John Kendrick, Washington, D.C., for defendant.

### ORDER

CHARLES R. RICHEY, District Judge.

Presently before the Court are the motion of the defendant, Bettie Montgomery, to dismiss the complaint of the plaintiff, Bernard Bettis, and Bettis' response thereto and Montgomery's reply. Montgomery's motion alleges that this action places in controversy an amount less than $10,000, and complains that this Court therefore lacks subject matter jurisdiction under 28 U.S.C. § 1332(a). Montgomery also suggests, without expressly moving the Court for a dismissal on this basis, that Bettis has failed adequately to plead diversity of citizenship between the parties, and has thus failed to satisfy his burden under 28 U.S.C. § 1332(a)(1). Finally, in her memorandum reply to Bettis' response, Montgomery advances for the first time the argument that Bettis' complaint fails to state a claim upon which relief can be granted, and should therefore be dismissed under Fed.R.Civ.P. 12(b)(6).

For the reasons stated herein, the Court has determined to: (1) deny Montgomery's motion to dismiss with respect to the jurisdictional amount requirement; (2) order Bettis to provide proof of his citizenship within 10 days of the date of this Order or face dismissal of this action; and (3) forego an immediate decision as to whether Bettis has stated a claim under Rule 12(b)(6), but to order Bettis to show cause within 20 days of the date hereof as to why his complaint should not be dismissed *sua sponte* for failure to state a claim under Rule 12(b)(6).

### 1. *Jurisdictional Amount*

Montgomery's jurisdictional amount argument under 29 U.S.C. § 1332(a) reflects a basic misunderstanding of Bettis' complaint. Bettis' action is not, as Montgomery appears to assume, an action on a deed of trust. It is a tort action. Bettis complains that Montgomery has twice brought suit improperly, once in this Court and once in the Superior Court for the District of Columbia, seeking to enjoin Bettis' foreclosure upon a note secured by a deed of trust running to him from Montgomery. Notwithstanding the fact that Montgomery succeeded in the latter, Bettis

alleges that the suits were groundless, and that by initiating each Montgomery has committed the torts of abuse of process, conversion and malicious prosecution.

Notwithstanding the clear fact that Bettis' complaint sounds in tort, Montgomery seeks dismissal on the ground that, even if Bettis were to collect upon the note secured by the deed of trust, he would be legally entitled to collect less than $10,000. This argument is obviously irrelevant. Bettis seeks *tort* damages of $100,000. Bettis is *not* seeking to collect on the note or the deed of trust. Moreover, at this stage the Court cannot find "to a legal certainty" that, under his chosen theory, Bettis will be unable to collect an amount exceeding the jurisdictional requirement. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Accordingly, Montgomery's motion to dismiss for failure to satisfy the jurisdictional amount requirement is denied.

### 2. *Diversity of Citizenship*

Montgomery, a citizen of the State of Maryland, suggests in her motion that diversity of citizenship is lacking in this case, but she does not directly move the Court for dismissal on this ground. Of course, this Court enjoys the power to dismiss *sua sponte* if, in its view, diversity of citizenship, and, therefore, subject matter jurisdiction, is lacking. Fed.R.Civ.P. 12(h)(3).

■■■ Bettis claims in his complaint to be a "citizen of the United States presently residing in the State [sic] of Virginia." Montgomery has suggested that Bettis, in fact, is not a resident of Virginia, but that he merely maintains a business address there. Of course, when suit is brought in one's personal capacity, as here, the plaintiff's domicile, rather than his place of business or mere "residence," controls the diversity analysis. Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3611 (1984). Additionally, when legitimate questions are raised as to the existence of diversity, the plaintiff bears the burden of prov-

ing by a preponderance of the evidence that diversity exists. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Bevilaqua v. Bernstein*, 642 F.Supp. 1072, 1073 (S.D.N.Y.1986).

■■■ Here, Bettis has responded to Montgomery's allegations by reiterating through affidavit his assertion that he is "residing" in Virginia, and by claiming that he has not been a resident of, or domiciled in, Maryland since 1978. This response is inadequate. That Bettis "resides" in Virginia is irrelevant; he must prove by a preponderance of the evidence that he is *domiciled* in a state other than Maryland. *See Steigleder v. McQuesten*, 198 U.S. 141, 143, 25 S.Ct. 616, 617, 49 L.Ed. 986 (1905) ("[I]t has long been settled that residence and citizenship are wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of [federal courts]."); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n. 20 (D.C.Cir.1983) ("[I]t has been held repeatedly that an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction."). Moreover, a plaintiff cannot establish diversity simply by averring that he or she is not domiciled in the state of the defendant, as Bettis has done here. *Simmons v. Rosenberg*, 572 F.Supp. 823, 824 (S.D.N.Y. 1983) (plaintiff's claim that she was not domiciled in New York, the state where defendant domiciled, "clearly insufficient" to establish diversity); Wright, Miller & Cooper, *id.* at § 3611. A plaintiff must affirmatively aver, with specificity, the *domiciles* of each of the parties to the action.

In light of the foregoing, the evidence currently before the Court is legally insufficient to establish diversity of citizenship. Accordingly, the Court orders Bettis to provide, within 10 days from the date hereof, a sworn affidavit as to his current *domicile*, and to amend his complaint to include such information.[1] Absent such a submission

---

1. It has been suggested in the papers that Bettis' interest in avoiding disclosure of his domicile

arises from his desire to avoid service in other proceedings currently pending against him.

and amendment, this action will be dismissed, effective 10 days from the date hereof.

### 3. *Failure to State a Claim*

In her reply to Bettis' opposition to the original motion to dismiss, Montgomery raises for the first time the argument that Bettis' complaint fails to state a claim upon which relief can be granted. Because Montgomery did not raise this argument in her motion, Bettis has not had an opportunity to respond and to present arguments as to why his complaint has stated a claim. Accordingly, to presently dismiss the complaint on the grounds that no claims have been stated would, in effect, be to dismiss the complaint *sua sponte* under Fed.R.Civ. P. 12(b)(6).

■ It seems well established that District Courts enjoy the authority to effect *sua sponte* dismissals under Rule 12(b)(6), so long as "a sufficient basis for the court's action is apparent from the plaintiff's pleading." *Doe on Behalf of Doe v. St. Joseph's Hosp.*, 788 F.2d 411, 414 (7th Cir.1986). It is somewhat unclear, however, whether District Courts may effect such dismissals without affording the plaintiff notice and an opportunity to be heard. *See Shockley v. Jones*, 823 F.2d 1068, 1073 (7th Cir.1987) (requiring notice and an opportunity to be heard before *sua sponte* 12(b)(6) dismissal; noting that at least five circuits require such process).

Here, Bettis has not been given a formal opportunity to respond to Montgomery's suggestion that the complaint fails to state a claim upon which relief can be granted. Accordingly, out of a concern that Bettis be given the process that is his due, and out a desire to see that all issues are fully aired before a final decision is reached, the Court will not presently rule on this issue. However, because it appears to the Court that each of the counts alleged in Bettis' complaint may well be deficient under Rule 12(b)(6), the Court hereby orders Bettis to show cause, within 20 days of the date hereof, as to why his complaint should not be dismissed in its entirety for failure to state a claim under Rule 12(b)(6). Absent such a response, the Court will consider Bettis to have been provided adequate notice and an opportunity to respond, and will proceed *sua sponte* to consider whether his complaint has stated a claim under Rule 12(b)(6).

SO ORDERED.