**Arpy TATE, Plaintiff,**

v.

**David BURKE, Defendant.**

**Civ. A. No. 90–1357–GHR.**

United States District Court, District of Columbia.

June 12, 1990.

Arpy Tate, Falls Church, Va., pro se.

**ORDER**

REVERCOMB, District Judge.

The plaintiff has filed a voluminous *pro se* complaint against the president of CBS.

In her complaint she alleges that the defendant has "televis[ed] the plaintiff in her house on a candid camera for ten years and wherever she went...." As a result of the defendant's continuous camera surveillance over the ten-year period the plaintiff contends that she has been exposed to persecution and unable to get a decent job. The plaintiff further contends that the defendant's actions have "even endanger[ed] her life to be attempted to be murdered, details of which the plaintiff is cautious not to reveal lest she will be killed even before the trial starts."

In Exhibit A, captioned by plaintiff as *Details of a Report of our Telephone Tapping, Televising Me and Continued Prosecution of Me,* the plaintiff contends that she has no proof or evidence of the defendant's alleged conduct but that none is necessary. Plaintiff states, in relevant part:

> Honestly, it was then that I became fully aware of the fact that I am being televised everywhere I was and still am even though I have no evidence except GOD (and if you, the TV Company, do not believe in GOD then we have nothing in common with each other and will have no communication agreeable to each of us) because ALMIGHTY GOD HIMSELF was the only ONE WHO guided me and helped me find the TRUTH that no other human being will dare to communicate with me in this regard.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> Again, I repeat even though I have no evidence through another man witness I have ALMIGHTY GOD as my HEAVENLY witness. You, the TV Company, may not believe in GOD, but that's your problem, it was GOD who slipped all this information into my mind and everything I have said is nothing but the TRUTH....

In Exhibit G, captioned by plaintiff as *A Call From Heaven,* the plaintiff contends that her lawsuit is divinely inspired. Exhibit G provides, in pertinent part:

> When we were inside I began to pray to GOD one more final time about my case; i.e., my RIGHTS for the TV Reimburse-

ment, but I heard nothing, until when the "Glory to GOD in the Highest ..." was being sung I felt GOD's responsive reaction within me among the song and the music; here it is:

> "Arpy, you do not need any attorney to take up your case, you do not need any proof for the judge because all the video tapes and the pictures, etc. are already with them, you do not need to ask any organizations religious or business to back you up, you just submit your case to the Authorities who are directly handling your case...."

This Court of course has the authority to dismiss a claim *sua sponte* for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6) as long as " 'a sufficient basis for the court's action is apparent from the plaintiff's pleading.' " *Bettis v. Montgomery,* 701 F.Supp. 256, 259 (D.D.C.1989) (quoting *Doe on Behalf of Doe v. St. Joseph's Hosp.,* 788 F.2d 411, 414 (7th Cir. 1986)). It is unclear, however, whether District Courts may effect such dismissals without affording the plaintiff notice and an opportunity to be heard. *Id.*

 This Court rules that it is not required to provide the plaintiff with notice and an opportunity to be heard where her complaint is patently frivolous. Although the general rule may be that a *pro se* plaintiff should receive such procedural protections prior to a *sua sponte* dismissal of her claim, an exception to that rule must be made where the complaint on its face is absolutely bereft of merit but has simply been filed as a result of frivolity, maliciousness or irrational and unintelligible perceptions.

The *sua sponte* dismissal of a *pro se* complaint without providing the plaintiff with notice and opportunity to be heard is not without precedent in this jurisdiction. In *Brown v. District Unemployment Compensation Bd.,* 411 F.Supp. 1001 (D.D.C.1975), the court ruled that courts have inherent power to control the judicial process and "to dismiss a case *sua sponte* if it is frivolous or brought for some ulterior purpose such as harassment." *Id.* at 1001–1002 (citing 1 *J. Moore, Federal Practice*

¶ 0.60[6] (2d ed. 1975)). In *Brown*, the court denied the plaintiff's motion for reconsideration of an order dismissing his complaint. The court ruled that the complaint was dismissed for "good reason" where it "ramble[d] on for some 98 pages, making a myriad of allegations, including that the defendants, either individually or as a conspiracy, have discriminated against him, harassed him, libelled him, and attempted to kill him." *Id.* at 1002.

■ Although the plaintiff in the instant case has not filed her complaint *in forma pauperis*, this Court notes that the statutory provisions for proceedings *in forma pauperis* specifically authorize the *sua sponte* dismissal of "frivolous or malicious" lawsuits in which there is indisputedly no factual and legal basis for the asserted wrong. 28 U.S.C. § 1915(d); *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C.Cir.1984). This Court rules that the "frivolity standard" of § 1915(d) analogously provides the appropriate measure by which to determine whether a *pro se* complaint which has not been filed *in forma pauperis* should nonetheless be dismissed *sua sponte* pursuant to the inherent authority of this Court.

As the earlier recitation of plaintiff's complaint makes clear, there is indisputedly no factual and legal basis for the asserted wrong. Accordingly, it hereby is

ORDERED that the complaint be, and the same hereby is, DISMISSED with prejudice.