**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                   )

LINDSAY JENKINS,                  )

                                )

             Plaintiff,        )

                                )

           v.                )     Civil Action No. 13-CV-0087 (KBJ)

                                )

ERIC HIMPTON HOLDER, JR., RICK SCOTT, )
FOURTH DISTRICT COURT OF APPEAL    )
JUDICIAL NOMINATING COMMISSION,    )
PETER BLANC, GLENN KELLEY, PAM     )
BONDI, THE FLORIDA BAR, KELLER     )
WILLIAMS REALTY, NATIONAL        )
ASSOCIATION OF REALTORS, REGIONAL  )
MLS, CENTURY 21  TENACE REALTY, and )
THE HOWELL REALTY GROUP,       )
              Defendants.      )

                                )

_____ )


## ORDER OF DISMISSAL


Plaintiff Lindsay Jenkins ("Plaintiff"), a citizen of the United Kingdom who is

proceeding *pro se*, has filed suit against twelve named defendants, alleging Racketeer Influenced

and Corrupt Organizations ("RICO") violations and common law sexual discrimination and

harassment claims in connection with mortgage foreclosure proceedings in Florida state court.

Plaintiff was previously enjoined from commencing such actions without first fulfilling certain

procedural requirements, including seeking leave of court.  Plaintiff did not seek leave before

filing this action and has failed to show cause why this case should proceed despite that pleading

defect.  For the reasons set forth in further detail below, Plaintiff's complaint is hereby

DISMISSED with prejudice.

1

FACTUAL BACKGROUND

I.       Plaintiff's Litigation History

This case—and many before it—arises out of Florida state court proceedings related to the foreclosure of Plaintiff's second home in Palm Beach County, Florida.  Compl. at 4, 7-8. Deutsche Bank initiated the foreclosure proceedings, which Plaintiff refers to as "fraudulent and perjurious [] litigation," in August 2007.  Compl. at 7, 10.  Since the actual foreclosure, which Plaintiff describes as an "act[] of home invasion, burglary and theft," Plaintiff has been challenging the proceedings in Florida appellate courts.  Compl. at 7-9.

Plaintiff has not limited her challenges to the foreclosure proceedings to state court.  She sought to remove the state foreclosure proceedings to federal district court multiple times; each time, the case was remanded back to the Florida state court.  *See* Civ. A. No. 08-80717 (S.D. Fla.); Civ. A. No. 08-22709 (S.D. Fla.); Civ. A. No. 08-80527 (S.D. Fla.).  Plaintiff also has had what this court previously described as "a long history of vexatious litigation [in federal courts] against parties, including public officials, who are in any way related to her state court litigation."  *Jenkins v. Kerry*, Civ. A. No. 12-00896 (CKK), 2013 WL 829400, at *9 (D.D.C. Mar. 7, 2013).  Plaintiff has filed at least seven lawsuits related to the foreclosure proceedings in three separate jurisdictions since the 2007 foreclosure proceedings began, and all of them have been dismissed.  *See, e.g.*, *Jenkins v. John Kerry*, Civ. A. No. 12-00896 (D.D.C.) (dismissed on various grounds, including lack of personal jurisdiction and failure to state a claim); *Lindsay Jenkins v. Josef Ackerman*, Civ. A. No. 07-22463 (S.D. Fla.) (dismissed for failure to state a claim); *Lindsay Jenkins v. Sheila Bair*, Civ. A. No. 09-20067 (S.D. Fla.) (dismissed for failure to state a claim); *Lindsay Jenkins v. Jack Cook*, Civ. A. No. 09-cv-20824 (S.D. Fla.) (dismissed for failure to state a claim); *Lindsay Jenkins v. Peter Blanc*, Civ. A. No. 11-cv-80308 (S.D. Fla.)

(dismissed for failure to state a claim); *Jenkins v. Eaton*, Civ. A. No. 08-713 (E.D.N.Y.) (dismissed against most defendants for failure to state a claim and summary judgment granted for remaining defendants). In many of these cases, as here, Plaintiff's allegations included RICO and sexual discrimination and harassment claims related to the foreclosure of her Florida property and the state court litigation that followed. Beyond the cases pertaining to the Florida foreclosure proceedings, one district court indicated that Plaintiff has also filed over thirty federal court cases in multiple states over the last decade. *See Jenkins v. Eaton*, Civ. A. No. 08-713, 2010 WL 3861050 (E.D.N.Y. Aug. 25, 2010) ("Plaintiff has an extensive history of filing and participating in vexatious and baseless lawsuits. Including the nine cases filed in the Eastern District of New York, she has been involved in over thirty federal court cases in multiple states over the last decade.") (collecting cases).

On September 3, 2009, in one of Plaintiff's Southern District of Florida actions related to the state foreclosure proceeding, the court dismissed Plaintiff's claims with prejudice and issued an order restricting the Plaintiff from filing in that district any further actions relating to foreclosure of the Florida property without seeking prior leave of court. Omnibus Order, *Jenkins v. Deutsche Bank Trust Co.*, Civ. A. No. 07-22463 (S.D. Fla.) (Gold, J.), ECF No. 96 at 19. The court clarified that any "[c]ontinued abuse of judicial process [would] lead to more severe sanctions[.]" *Id.* Nearly two years later, the same court found that Plaintiff had filed additional suits in violation of the filing injunction and had also filed suits in other districts in violation of injunctions issued by other district courts. Order of Permanent Inj. ("Inj."), *Jenkins v. Deutsche Bank Trust Co.*, Civ. A. No. 07-22463 (S.D. Fla.), ECF No. 109 at 1-2.[1] As a result of these

---

[1] The court found that Plaintiff was acting in concert with her domestic partner, Anthony Martin-Trigona, who had been permanently enjoined by the District of Connecticut from initiating new lawsuits without first obtaining leave of court. *Jenkins v. Deutsche Bank Trust Co.*, Civ. A. No. 07-22463 (S.D. Fla.), ECF No. 109 at 1-2 (citing *In re Martin-Trigona*, 592 F. Supp. 1566, 1571 (D. Conn. 1984)). Because that injunction applied both to Mr. Martin-

additional suits, the court issued a Permanent Injunction (the "Injunction") that prohibited Plaintiff from filing "any action or proceeding, in any federal court of the United States, arising out of the acts of any person or entity involved in any capacity with the federal litigation stemming from the state foreclosure proceedings . . . or the property in which she claims to assert an interest therein," without first seeking leave of court. *Id.* at 2. The Injunction further required that Plaintiff seek leave of court before filing any other (non-foreclosure related) lawsuit against any person or entity that Plaintiff had encountered in any capacity in relation to the foreclosure litigation. *Id.* at 3. The Injunction also made clear that, in any such application for leave to file, Plaintiff must include the following documents: the proposed complaint; a copy of the Injunction; a copy of a permanent injunction issued by a different district court that also applies to Plaintiff; the full caption of all lawsuits Plaintiff previously filed or were filed on her behalf in any court; a copy of every complaint Plaintiff has filed; and an affidavit certifying "whether the claim she wishes to present is a claim ever previously raised by her . . . and certifying that such claim is being brought in good faith and listing the reasons why it is necessary for her to bring such a claim." Inj. at 4-5.

The Injunction specifically provided that Plaintiff's failure to comply with the listed procedural requirements "may be considered by such court . . . as a sufficient basis for sustaining a motion to dismiss such lawsuit or a request otherwise to dispose of the matter[.]" *Id.* at 5.

## II.     Procedural Posture of This Case

Plaintiff commenced this action by filing a complaint on January 17, 2013, without first seeking leave of court or providing any of the required documentation. Compl., ECF No. 1. Although some of the defendants are new, just as in past complaints, Plaintiff alleges RICO

---

Trigona and anyone "acting in concert with him as well[,]" the Southern District of Florida court found Plaintiff in violation of that injunction. *Id.*

violations and sexual discrimination and harassment arising out of the same foreclosure proceedings. *See, e.g.*, Compl. at 18-20 (RICO); 21-22 (sexual discrimination).

On May 7, 2013, this Court issued a Minute Order indicating that the Court had been advised of the Injunction. *See* Minute Order of May 7, 2013. The Court noted that the subject matter of the complaint in this action is related to the Florida foreclosure proceedings and includes some defendants who were the subject of the Injunction. *Id.* The Court further noted that Plaintiff did not seek leave of court to file this action or comply with the other procedural requirements of the Injunction. *Id.* Accordingly, this Court issued an order to show cause directing Plaintiff to demonstrate why this case should be allowed to proceed in light of the permanent injunction. *Id.*[2] Plaintiff's show cause response was due by May 17, 2013. *Id.* As of the date of this Order, nearly four weeks after the original deadline for her show cause response, Plaintiff still has not responded to the Order to Show Cause.

ANALYSIS

A court may dismiss a complaint *sua sponte* if there is a "sufficient basis for the court's action [] apparent from the plaintiff's pleading." *Tate v. Burke*, 131 F.R.D. 363, 364 (D.D.C. 1990) (citing *Bettis v. Montgomery*, 701 F. Supp. 256, 259 (D.D.C. 1989)). Indeed, a district court may *sua sponte* dismiss a *pro se* complaint even without notice and an opportunity to be heard where "it is patently obvious that the plaintiff cannot prevail on the facts alleged in the complaint," *Perry v. Discovery Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) (citing *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726-27 (D.C. Cir. 1990)), or if the complaint is

---

[2] At the time of the May 7, 2013, Minute Order, two defendants had already filed Motions to Dismiss. (ECF Nos. 4, 9). In the Minute Order of May 7, 2013, this Court stayed the briefing schedule on those motions. In a Minute Order on May 10, 2013, the Court clarified that all remaining defendants' time to respond to the complaint was stayed pending resolution of the matter for which the show cause order was issued.

"frivolous or brought for some ulterior purpose such as harassment." *Tate*, 131 F.R.D. at 364 (quoting *Brown v. Dist. Unemp't Comp. Bd.*, 411 F. Supp. 1001, 1001-1002 (D.D.C. 1975)).

In assessing the viability of a complaint, courts in this district uphold and enforce permanent injunctions—including filing injunctions—issued by sister courts. *See, e.g.*, *Martin-Trigona v. Acton Corp.*, 600 F. Supp. 1193, 1199 (D.D.C. 1984) (dismissing defendants added in an amended complaint in the District of Columbia because plaintiff did not seek leave to file the amended complaint per the terms of a permanent filing injunction issued by the District of Connecticut).

In this case, the court in the Southern District of Florida enjoined Plaintiff from filing suit in any federal court without first seeking leave of court. Inj. at 5-6. Under the terms of the Injunction, failure to comply with any of the Injunction's provisions provides grounds for dismissal, *id*., and plaintiff has not only failed to comply with the injunctions requirements, she has also failed to respond to this Court's order to show cause as to why this case should not be dismissed. The Court finds these procedural defects to be "sufficient basis" for dismissal.[3] *Tate v. Burke*, 131 F.R.D. 363, 364.

Accordingly, it is hereby ORDERED that the complaint is DISMISSED with prejudice.

**SO ORDERED.**

Date:  June 14, 2013 _____/s/_____
KETANJI BROWN JACKSON
United States District Judge

---

[3] The Court need not address whether dismissal is also warranted under the "patently obvious" standard because Plaintiff had notice and an opportunity to be heard on the dismissal issue in this case. Without ruling, the Court notes that Plaintiff has a long record of vexatious litigation and has filed similar claims that have all been dismissed in earlier cases.. Taken together, these facts suggest that the instant case may be "frivolous or brought for some ulterior purpose such as harassment." *Tate*, 131 F.R.D. at 364 (quoting *Brown v. Dist. Unemp't Comp. Bd.*, 411 F. Supp. 1001, 1001-1002 (D.D.C. 1975)).