# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **MONIQUE WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 19-cv-00900 (APM)** |
| | ) | |
| **SECRET SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Defendant Secret Service removed this matter to this court from the Superior Court of the District of Columbia. *See* Notice of Removal, ECF No. 1. For the reasons stated below, the court dismisses the Complaint and this action sua sponte.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (cleaned up). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* at 330. In such cases, a district court may dismiss the case sua sponte. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008) (quoting *Brown v. Dist. Unemployment Comp. Bd.*, 411 F. Supp. 1001, 1001–02 (D.D.C. 1975) (noting that "a district court has the power to dismiss a case sua sponte if it is frivolous")).

Here, Plaintiff's Complaint rests on the kind of fantastic and delusional claims that warrant dismissal sua sponte. Specifically, Plaintiff alleges that there was a "[m]icrochip place inside of [her] and [she] didn't ask for it," that the "Secret Service has been trying to kill [her] with 'CANCER' and killed a lot of [her] family members," and that "[t]he Russians have been and is still poisoning [her]." *See* Notice of Removal, Complaint, ECF No. 1-1 at 1. The court is permitted to dismiss a complaint containing such allegations. *See Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Accordingly, upon sua sponte review, this action is dismissed.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated:   April 2, 2019                    Amit P. Mehta
                                          United States District Judge